# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Douglas Moeller,<br><br>    Debtor.<br><br>People of the State of Illinois, ex rel. Teachers' Retirement System of the State of Illinois,<br><br>    Plaintiff,<br><br>v.<br><br>Douglas Moeller,<br><br>    Defendant. | Chapter 7<br><br>Bk. No. 25-03307<br><br>Adv. No.<br><br>Hon. Janet S. Baer |

## ADVERSARY COMPLAINT OF THE PEOPLE OF THE STATE OF ILLINOIS TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

The People of the State of Illinois, by Kwame Raoul, Attorney General of Illinois, ex rel. the Teachers' Retirement System of the State of Illinois, bring this Complaint to determine dischargeability under § 523(a)(7) as to certain debts of Debtor, Douglas Moeller pursuant to Fed. R. Bankr. P. 7001 and Fed. R. Bankr. P. 4007.

### JURISDICTION AND VENUE

1. This is an adversary proceeding to object to dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(7) commences an adversary proceeding within the meaning of Bankruptcy Rule 7001.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) as it is a proceeding to determine the dischargeability of a particular debt.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409(a).

5. The underlying chapter 7 proceeding, *In re Douglas Moeller*, Case No. 25-03307, was filed on March 4, 2025.

## PARTIES

6. Plaintiff, People of the State of Illinois, by Kwame Raoul, Attorney General of Illinois, ex rel. the Teachers' Retirement System of the State of Illinois ("TRS"), is a creditor of the Debtor holding a claim in the amount of $368,921.80.

7. TRS is a statutorily created entity by the Illinois General Assembly to administer a multiple-employer public pension plan to provide its members with retirement, disability, and survivor benefits. 40 ILCS 5/16 *et seq*.

8. Defendant is Douglas Moeller, a resident of Kane County, Illinois and the Debtor in the above-captioned Chapter 7 proceeding.

## FACTS

9. Defendant previously served as the superintendent of the Dekalb Public School District 428.

10. On June 8, 2018, a grand jury indicted Defendant on one count of nonconsensual dissemination of private sexual images, a Class 4 felony. 720 ILCS 5/11-23.5(a).

11. Defendant was convicted on January 31, 2023 (Case No. 2018CF000222) on a singular count of nonconsensual dissemination of private sexual images pursuant to 720 ILCS 5/11-23.5(a).

12. This conviction was upheld by the Second District Appellate Court of Illinois (2-23-0043) on May 13, 2024.

2

13. On September 14, 2023, TRS provided notice to Defendant terminating his retirement benefit as a result of his felony conviction pursuant to the felony forfeiture provision of the Illinois Pension Code for the Teachers' Retirement System minus Defendant's contributions in the amount of $154,281.59. A copy of the letter is attached as **Exhibit A.**

14. In relevant part, this forfeiture provision of the Pension Code states that "none of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his or her service as a teacher." 40 ILCS 5/16-199.

## COUNT I – DETERMINATION OF NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(7)

15. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 14 as though set forth fully herein.

16. In relevant part, Section 523(a)(7) excepts from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and it not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7).

**A. Fine, Penalty or Forfeiture**

17. The first element to consider under Section 523(a)(7) is whether the debt in question can accurately be defined as a "fine, penalty, or forfeiture." 11 U.S.C. § 523(a)(7).

18. In determining what constitutes a forfeiture for purposes of Section 523(a)(7), the Seventh Circuit said that "forfeiture is loss of a right, privilege, or property because of a crime, breach of obligation, or neglect of duty." *Osicka v. Off. Of Law. Regul.*, 25, F.4th 501, 506 (7th Cir. 2022) *citing Black's Law Dictionary* (11th ed. 2019).

19. *Osicka* further noted that Courts have likewise tended to construe forfeiture as entailing an offender's return of "guilty property" to its rightful owner or custodian. *Id*. citing *United States v. Bajakajian*, 524 U.S. 321, 330 (1998).

20. In this case, the felony forfeiture provision contained within the Pension Code certainly qualifies as a forfeiture in the meaning contemplated under 523(a)(7).

B. **Payable to and for the Benefit of a Governmental Unit**

i. **Governmental Unit**

21. The second element in assessing whether a debt is excepted from discharge under 523(a)(7) states that the debt must be payable to and for the benefit of a governmental unit.

22. The Bankruptcy Code defines the term "governmental unit" as the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department; agency, *or instrumentality of* the United States, *a State*, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government. 11 U.S.C. § 101(27) (*emphasis added*).

23. The Illinois General Assembly created the Teachers' Retirement System of the State of Illinois in 1939 to administer a multiple-employer public pension plan to provide its members with retirement, disability, and survivor benefits. Its creation, benefits, and administration are governed by Articles 1, 16, and 20 of the Illinois Pension Code, 40 ILCS 5/101 *et seq*. with the enabling legislation governed by 40 ILCS 5/16-101.

24. Thus, The Teachers' Retirement System, being an instrumentality of the State of Illinois, is the type of governmental unit contemplated by Section 523(a)(7).

ii. **Payable to and for the Benefit of a Governmental Unit**

25. Whereas in some other types of cases involving debts arising under 523(a)(7) involve criminal restitution that is payable to nongovernmental victims of crimes, this is not the case.

26. The funds in question are only and explicitly payable to and for the benefit of the Teachers' Retirement System of the State of Illinois – a statutorily created instrumentality of the State of Illinois.

**C. Not Pecuniary in nature**

27. The third and final element that must be satisfied for a debt to be excepted from discharge under Section 523(a)(7) states that the debt must not be compensation for actual pecuniary loss. 11 U.S.C. § 523(a)(7).

28. An "actual pecuniary loss is the disappearance or diminution of something having monetary value resulting from the real and substantial destruction of property, which usually occurs in an unexpected or relatively unpredictable way and often because of another's misconduct. *Pa. Lawyers Fund for Client Sec. v. McKee* 648 B.R. 147, 172 (Bankr. E.D. Pa. 2023) *citing Osicka*.

29. If a penalty serves some punitive or rehabilitative governmental aim, rather than a purely compensatory purpose, it satisfies the penal requirement under the state that the penalty not be for a pecuniary loss. *Id. citing* 4 Colliers on Bankruptcy, ¶ 523.13[2].

30. The felony forfeiture statute, in relevant part, states, "none of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his or her service as a teacher." 40 ILCS 5/16-199.

31. The forfeiture statute is necessarily attendant to the conviction of a felony and as such the statute is part and parcel to the other punitive repercussions that an individual faces as a result of the criminal conviction.

32. The mere fact that a penal sanction is calculated by reference to actual costs does not, in and of itself, transform the penalty into compensation for pecuniary loss. *Pa. Lawyers Fund for Client Sec. citing Disciplinary Board v. Feingold*, 730 F.3d 1268, 1275 (11th Cir. 2013).

33. In this case, while the amount of the debt being sought is calculated with reference to the costs associated with the Debtor's retirement benefits paid out by TRS, the penal nature of this statute does not convert the penalty into a pecuniary loss, but rather punitive.

WHEREFORE, for the reasons set forth above, Plaintiff, The People of the State of Illinois ex rel. the Teachers' Retirement System for the State of Illinois, requests that the Court enter a judgment finding that Debtor's debt arising out of his felony forfeiture payable to and for the benefit of a governmental unit which is not compensation for actual pecuniary loss— in the amount of $368,921.80—be declared nondischargeable pursuant to § 523(a)(7) of the Bankruptcy Code and award such other relief as the Court may deem just and proper.

Respectfully submitted,

THE PEOPLE OF THE STATE OF ILLINOIS
*ex rel.* KWAME RAOUL,
Attorney General of Illinois

Dated: June 30, 2025     By:     /s/ John Reding
John Reding
john.reding@ilag.gov
*Assistant Attorney General*

Illinois Attorney General's Office
115 South LaSalle Street
Chicago, IL 60603
Attorney No. 99000

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5005-3(F), I, John P. Reding, an attorney, hereby certify that on June 30, 2025, I caused a copy of this **ADVERSAY COMPLAINT OF THE PEOPLE OF THE STATE OF ILLINOIS TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523** to be served by electronic notification through the Court's CM/ECF system on all parties registered for service, and as listed below.

/s/John P. Reding

**Service by CM/ECF**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case:

Richard Larsen, attorney for Debtor – rlarsen@springerbrown.com
David P. Leibowitz - dleibowitz@lodpl.com

**Service by U.S. Mail**

Douglas Moeller
805 Carol Ave.
Elgin, IL 60123